Sidney K. Kanazawa (SBN 84608)
Keith A. Sipprelle (SBN 143358)
Matthew C. Kane (SBN 171829)
Michael M. Salem (SBN 245088)
**McGUIREWOODS LLP**
1800 Century Park East, 8th Floor
Los Angeles, California 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

Attorneys for Defendants DOLLAR TREE STORES, INC. and GREENBRIER INTERNATIONAL, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LANARD TOYS LIMITED, a Hong Kong corporation

Plaintiff,

v.

DOLLAR TREE STORES, INC., a Virginia corporation; GREENBRIER INTERNATIONAL, INC., a Delaware corporation,

Defendants.

CASE NO. 08 CV 1397 (H RBB)

**DEFENDANT DOLLAR TREE STORES INC. AND DEFENDANT GREENBRIER INTERNATIONAL INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

**[Jury Trial Demanded FRCP 38]]**

Defendant DOLLAR TREE STORES, INC. and Defendant GREENBRIER INTERNATIONAL, INC., (herein together "Defendants") respond to Plaintiff's Complaint for Equitable Relief and Damages ("Complaint") in this action as follows:

**NATURE OF THE ACTION**

1. Defendants deny the allegations in paragraph 1.

**JURISDICTION AND VENUE**

2. Defendants deny the allegations in paragraph 2.

3. Defendants deny the allegations in paragraph 3.

**THE PARTIES**

4. Defendants deny the allegations in paragraph 4.

5. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 5, and deny it on that basis.

6. Defendant Dollar Tree Store Inc. deniess the allegations in paragraph 6 with respect to Dollar Tree Stores, Inc.'s state of incorporation. Dollar Tree Stores, Inc. is a Virginia corporation.

7. Defendant Greenbrier International Inc. admits the allegations in paragraph 7.

8. Defendants deny the allegations in paragraph 8.

**LANARD'S INTELLECTUAL PROPERTY RIGHTS AT ISSUE**

9. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 9, and deny it on that basis.

10. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 10, and deny it on that basis.

**TRADEMARK PROTECTION FOR LANARD'S FLUTTERING FAIRYKINS TOY**

11. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 11, and deny it on that basis.

12. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 12, and deny it on that basis

**TRADE DRESS PROTECTION FOR LANARD'S FLUTTERING FAIRYKINS TOY**

13. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 13, and deny on that basis.

14. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 14, and deny it on that basis.

15. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 15, and deny it on that basis.

16. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 16, and deny it on that basis.

17. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 17, and deny it on that basis.

**COPYRIGHT PROTECTION FOR LANARD'S FLUTTERING FAIRYKINS TOY**

18. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 18, and deny it on that basis.

19. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 19, and deny it on that basis.

**ACTS OF INFRINGEMENT BY DEFENDANTS**

20. Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 23.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 26, and deny the allegations contained therein on that basis

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

**FIRST CLAIM**

**FALSE DESIGNATION OF ORIGIN AND TRADE DRESS INFRINGEMENT (15 USC § 1125(A))**

29. In response to the allegations in paragraph 29, Defendants restate and incorporate herein responses set forth in each allegation to paragraphs 1 through 28.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

33. Defendants deny the allegations contained in paragraph 33.

**SECOND CLAIM**

**TRADEMARK INFRINGEMENT (15 USC § 1114)**

34. In response to the allegations in paragraph 34, Defendants restate and incorporate herein responses set forth in each allegation to paragraphs 1 through 33.

35. The statements in paragraph 35 are legal conclusions and contentions that do not require a response. To the extent a response is required, Defendants deny the allegations.

36. Defendants deny the allegations contained in paragraph 36.

37. Defendants deny the allegations contained in paragraph 37.

38. Defendants deny the allegations contained in paragraph 37.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

**THIRD CLAIM**

**TRADEMARK DILUTION (15 USC § 1125(c))**

44. In response to the allegations in paragraph 44, Defendants restate and incorporate herein responses set forth in each allegation to paragraphs 1 through 43.

45. The statements in paragraph 45 are legal conclusions and contentions that do not require a response. To the extent a response is required, Defendants deny the allegations.

46. Defendants deny the allegations contained in paragraph 46.

47. Defendants deny the allegations contained in paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

49. Defendants deny the allegations contained in paragraph 49.

**FOURTH CLAIM**

**COPYRIGHT INFRINGEMENT (17 USC § 101)**

50. In response to the allegations in paragraph 50, Defendants restate and incorporate herein responses set forth in each allegation to paragraphs 1 through 49.

51. The statements in paragraph 51 are legal conclusions and contentions that do not require a response. To the extent a response is required, Defendants deny the allegations.

52. Defendants deny the allegations contained in paragraph 52.

53. Defendants deny the allegations contained in paragraph 53.

54. Defendants deny the allegations contained in paragraph 54.

55. Defendants deny the allegations contained in paragraph 55.

56. Defendants deny the allegations contained in paragraph 56.

**FIFTH CLAIM**

**STATE TRADEMARK INFRINGEMENT**

**(California Business & Professional Code §§ 14335, 14340)**

57. In response to the allegations in paragraph 57, Defendants restate and incorporate herein responses set forth in each allegation to paragraphs 1 through 56.

58. The statements in paragraph 58 are legal conclusions and contentions that do not require a response. To the extent a response is required, Defendants deny the allegations.

59. Defendants deny the allegations contained in paragraph 59.

60. Defendants deny the allegations contained in paragraph 60.

61. Defendants deny the allegations contained in paragraph 61.

**SIXTH CLAIM**

**STATE TRADEMARK DILUTION**

**(California Business & Professional Code § 14330)**

62. In response to the allegations in paragraph 62, Defendants restate and incorporate herein responses set forth in each allegation to paragraphs 1 through 61.

63. The statements in paragraph 63 are legal conclusions and contentions that do not require a response. To the extent a response is required, Defendants deny the allegations.

64. Defendants deny the allegations contained in paragraph 64.

65. Defendants deny the allegations contained in paragraph 65.

66. Defendants deny the allegations contained in paragraph 66.

67. Defendants deny the allegations contained in paragraph 67.

**SEVENTH CLAIM**

**STATE LAW UNFAIR COMPETITION**

**(California Business & Professional Code § 17200)**

68. In response to the allegations in paragraph 68, Defendants restate and incorporate herein responses set forth in each allegation to paragraphs 1 through 67.

69. The statements in paragraph 69 are legal conclusions and contentions that do not require a response. To the extent a response is required, Defendants deny the allegations.

70. Defendants deny the allegations contained in paragraph 70.

71. Defendants deny the allegations contained in paragraph 71.

72. Defendants deny the allegations contained in paragraph 72.

73. Defendants deny the allegations contained in paragraph 73.

74. Defendants deny the allegations contained in paragraph 74.

75. Defendants deny the allegations contained in paragraph 75.

76. Defendants deny the allegations contained in paragraph 76.

77. Defendants deny the allegations contained in paragraph 77.

78. Defendants deny the allegations contained in paragraph 78.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses without assuming the burden of proof or persuasion as to such defenses that would otherwise rest on Plaintiff.

1. The Complaint fails to state a claim on which relief may be granted.

2. Plaintiff lacks standing to assert claims because it is not the real party in interest.

3. Plaintiff has sustained no damages as a result of any action or inaction on the part of Defendants.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were not legally or proximately caused by any acts or omissions of Defendants.

5. Plaintiff has failed to mitigate its damages, if any.

6. Each cause of action alleged in the Complaint is speculative and premature so that there is no justiciable controversy presented before this Court at this time for adjudication.

7. At all times relevant, Defendants acted in complete good faith, thereby prohibiting a finding of intentional or willful conduct, and prohibiting the imposition of treble damages.

8. To the extent Plaintiff is attempting to enforce rights in the image and portion of the name "Fairy" alone, Plaintiff's alleged mark lacks secondary meaning, in that consumers do not associate the image or word "Fairy" alone with Plaintiff's at all, let alone exclusively.

9. To the extent Plaintiff is attempting to premise dilution claim upon their marks alone, Plaintiff's alleged mark is not a famous mark.

10. Plaintiff's claims are barred to the extent that its claimed injuries and damages were caused, in whole or in part, by market forces or by acts or omissions of persons or entities other than Defendants, and hence were not proximately caused by any acts or omissions of Defendants.

11. Plaintiff has an adequate remedy at law, thus no basis exists for the granting of injunctive relief.

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence, laches, estoppel, and or waiver.

13. Plaintiff's claims are barred by its abandonment of its alleged trademark rights through failure to police.

## DEFENSES RESERVED

The foregoing affirmative defenses are raised by Defendants without waiver of any other defenses that may come to light during the discovery process in this case or otherwise. Defendants hereby reserve the right to amend or supplement their Answer to assert any other related defenses as they become available and known to Defendants.

**WHEREFORE**, Defendants deny that Plaintiff is entitled to any relief whatsoever and respectfully requests that Plaintiff take nothing by way of their

Complaint; that judgment be entered for Defendants; that the Complaint be dismissed with prejudice and with such costs and attorneys' fees as may be allowed by law, and for any further relief the Court deems appropriate.

Respectfully submitted,

DATED: August 25, 2008 MCGUIREWOODS LLP

By: /s/
Matthew C. Kane
Attorney for Defendant DOLLAR TREE STORES, INC. and GREENBRIER INTERNATIONAL, INC

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury for all claims so triable.

DATED: August 25, 2008

MCGUIREWOODS LLP

By: /s/

Matthew C. Kane
Attorney for Defendant DOLLAR TREE STORES, INC. and GREENBRIER INTERNATIONAL, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 1800 Century Park East, 8th Floor, Los Angeles, California 90067.

On August 25, 2008, I served the following document(s) described as **DEFENDANT DOLLAR TREE STORES INC. AND DEFENDANT GREENBRIER INTERNATIONAL INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Richard P. Sybert, Esq.
Maha Sarah, Esq.
GORDON & REES, LLP
101 West Broadway, Suite 1600
San Diego, CA 92101

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** At approximately ______, I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (310) 315-8210. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 25, 2008, at Los Angeles, California.

Corrine Cushing